UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
MAR 21 2019
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V. SUPERSEDING INDICTMENT NO. 6:18-CR-57-S-REW

LAWRENCE COLLINSWORTH,
CORTEZ EVANS,
aka RED,
TASHA WERNICKE,
JORDAN BRITT,
SCOTT HENSLEY,
AMY MOSLEY,
LINDSEY ROSE,
DARRYL MOORE,
THOROLD JOHNSON,
aka TJ,
BOBBY HAMILTON,
aka BUCK HAMILTON,
RICKIE EUBANKS,
CHARLES WARFIELD,
EDDIE HOSKINS,
DAVID LOWE,
JUSTIN COLLINS, and
RALPH JONES,
aka BUCK JONES

* * * * *

THE GRAND JURY CHARGES:

## COUNT 1
## 21 U.S.C. § 846

Beginning in or about January of 2018, the exact date unknown, and continuing until on or about September 11, 2018, in Laurel County and Knox County, in the Eastern District of Kentucky, and elsewhere,

**LAWRENCE COLLINSWORTH,**
**CORTEZ EVANS,**
**aka RED,**
**TASHA WERNICKE,**
**JORDAN BRITT,**
**SCOTT HENSLEY,**
**AMY MOSLEY,**
**LINDSEY ROSE,**
**DARRYL MOORE,**
**THOROLD JOHNSON,**
**aka TJ,**
**BOBBY HAMILTON,**
**aka BUCK HAMILTON,**
**RICKIE EUBANKS,**
**CHARLES WARFIELD,**
**EDDIE HOSKINS,**
**DAVID LOWE,**
**JUSTIN COLLINS, and**
**RALPH JONES,**
**aka BUCK JONES,**

did conspire together and with others to knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. §846.

As part of this conspiracy, it was agreed upon and reasonably foreseeable as to **LAWRENCE COLLINSWORTH, CORTEZ EVANS, aka RED, TASHA WERNICKE, JORDAN BRITT, SCOTT HENSLEY, and DAVID LOWE** that 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine would be distributed, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

As part of this conspiracy, it was agreed upon and reasonably foreseeable as to **AMY MOSLEY, LINDSEY ROSE, DARRYL MOORE, THOROLD JOHNSON, aka TJ, BOBBY HAMILTON, aka BUCK HAMILTON, RICKIE EUBANKS, CHARLES WARFIELD, EDDIE HOSKINS, JUSTIN COLLINS, and RALPH JONES, aka BUCK JONES,** that 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine would be distributed, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**18 U.S.C. § 924(c)**

On or about a date in January 2018, the exact date unknown, and continuing through on or about September 11, 2018, in Laurel County and Knox County, in the Eastern District of Kentucky, and elsewhere,

**LAWRENCE COLLINSWORTH**

did knowingly possess firearms in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 3**
**18 U.S.C. § 922(g)(1)**

On or about September 11, 2018, in Laurel County and Knox County, in the Eastern District of Kentucky,

**LAWRENCE COLLINSWORTH,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms, to wit, a Davis Industries, .22 caliber handgun and a Hi-Point, 9mm handgun, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 4**
**18 U.S.C. § 922(g)(1)**

Beginning in or about June of 2018, the exact date unknown, and continuing through on or about September 4, 2018, in Laurel County, in the Eastern District of Kentucky,

**TASHA WERNICKE,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a Ruger P95, .40 caliber handgun, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 5**
**18 U.S.C. § 924(c)**

On or about a date in August 2018, the exact date unknown, in Laurel County, in the Eastern District of Kentucky,

**THOROLD JOHNSON,**
**aka TJ,**

did knowingly use a firearm, to wit, a shotgun, during and in relation to a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in

Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 6**
**18 U.S.C. § 922(g)(1)**

On or about August 17, 2018, in Laurel County, in the Eastern District of Kentucky,

**THOROLD JOHNSON,**
**aka TJ,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a Ruger, Model SR9, 9mm handgun, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 7**
**18 U.S.C. § 924(c)**

On or about a date in August of 2018, the exact date unknown, in Knox County, in the Eastern District of Kentucky,

**BOBBY HAMILTON,**
**aka BUCK HAMILTON,**

did knowingly use a firearm, to wit, a Taurus, .38 caliber revolver, during and in relation to a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 8**
**18 U.S.C. § 922(g)(1)**

On or about August 20, 2018, in Knox County, in the Eastern District of Kentucky,

**BOBBY HAMILTON,**
**aka BUCK HAMILTON,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a Taurus, .38 caliber revolver, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 9**
**18 U.S.C. § 922(g)(1)**

On or about July 5, 2018, in Laurel County, in the Eastern District of Kentucky,

**RICKIE EUBANKS,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a SCCY, Model CPX-2, 9mm pistol, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 10**
**18 U.S.C. § 924(c)**

On or about July 5, 2018, in Laurel County, in the Eastern District of Kentucky,

**RICKIE EUBANKS**

did knowingly use a firearm, to wit, a SCCY, Model CPX-2, 9mm pistol, during and in relation to a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 11**
**18 U.S.C. § 922(g)(1)**

On or about August 6, 2018, in Knox County, in the Eastern District of Kentucky,

**CHARLES WARFIELD,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a Llama, Model 1911, .45 caliber handgun, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 12**
**18 U.S.C. § 924(c)**

On or about a date in March or April 2018, the exact date unknown, in Laurel County, in the Eastern District of Kentucky,

**EDDIE HOSKINS,**
**aka WAYNE,**

did knowingly use a firearm, to wit, a Taurus, .22 caliber handgun, during and in relation to a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 13**
**18 U.S.C. § 922(g)(1)**

On or about a date in March of 2018, the exact date unknown, and continuing

through on or about May of 2018, the exact date unknown, in Knox County, in the Eastern District of Kentucky,

**DAVID LOWE,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a Ruger, .380 caliber firearm, all in violation of 18 U.S.C. § 922(g)(1).

**COUNT 14**
**18 U.S.C. § 924(c)**

Between May and June of 2018, the exact date unknown, in Knox County, in the Eastern District of Kentucky,

**RALPH JONES,**
**aka BUCK JONES,**

did knowingly use a firearm, to wit, a Taurus, .380 caliber pistol, during and in relation to a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 15**
**18 U.S.C. § 924(c)**

On or about a date in June or July of 2018, the exact date unknown, in Laurel County, in the Eastern District of Kentucky,

**JUSTIN COLLINS**

did knowingly use a firearm, to wit, a Hi-Point, 9mm pistol, during and in relation to a drug

trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 924(d)(1)**
**21 U.S.C. § 853**
**28 U.S.C. § 2461**

In committing the offenses alleged in Counts 2 and 3 of this Superseding Indictment, the below-listed firearms and ammunition are subject to forfeiture pursuant to 18 U.S.C. § 924(d). In committing the offense alleged in Count 1 of this Superseding Indictment, the same being punishable by imprisonment for more than one year, **LAWRENCE COLLINSWORTH** used and intended to use, the below-described property to commit and to facilitate the commission of the said controlled substance violation, and the below-described property constitutes proceeds obtained directly and indirectly as a result of the commission of the aforesaid violation of 21 U.S.C. § 846, including, but not limited to, the following:

**FIREARMS and AMMUNITION:**
1. a Hi-Point, 9mm handgun, bearing the serial number P1927473;
2. a Davis Industries, .22 caliber handgun, bearing the serial number 043662; and
3. a quantity of assorted ammunition.

**CURRENCY:**
$1,250.00 in United States currency.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest the Defendant has in the above-described property is vested in the United

States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461.

**A TRUE BILL**

**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

# PENALTIES

**COUNT 1:**

**If responsible for 50 grams or more of a mixture containing methamphetamine:** Not less than 5 years nor more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If prior serious drug felony conviction:** not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**If responsible for 500 grams or more of a mixture containing methamphetamine:** Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**If prior serious drug felony conviction:** not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**If two or more prior serious drug felony convictions:** not less than 25 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**COUNTS 2, 5, 7, 10, 12, 14, 15:**

Not less than 5 years nor more than life imprisonment, to be served consecutive to any term of imprisonment imposed for any other offense, not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNTS 3, 4, 6, 8, 9, 11, 13:**

Not more than 10 years imprisonment, a $250,000 fine, and 3 years of supervised release.

**If three prior convictions for a violent felony or serious drug offense pursuant to 18 U.S.C. § 924(e):** Not less than 15 years imprisonment, not more than $250,000 fine, and 5 years supervised release.

**PLUS:** Forfeiture of all listed assets.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.