Eastern District of Kentucky
**F I L E D**

SEP 03 2019

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**CRIMINAL ACTION NO.  6:18-CR-57-SS-REW**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                            **PLEA AGREEMENT**

**AMY MOSLEY**                                    **DEFENDANT**

\*   \*   \*   \*   \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Second Superseding Indictment. Count One charges this Defendant with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.  Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence already in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the underlying Indictments as they relate to the Defendant.

2.  The essential elements of Count One are:

    (a)    Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

1

    (b)     The Defendant knowingly and voluntarily joined that conspiracy;

    (c)     The quantity of 50 grams or more of a methamphetamine mixture was attributable to the Defendant as the result of her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to her; and

    (d)     At the time the Defendant committed the offense charged she had a final conviction for a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense as stated in the Second Superseding Indictment.

3.  The United States could prove the following facts that establish the essential elements of Count One beyond a reasonable doubt, and the Defendant admits these facts:

    (a)     Beginning in or about January of 2018, the exact date unknown, and continuing through on or about September 11, 2018, in Laurel and Knox Counties, in the Eastern District of Kentucky, the Defendant conspired and agreed with others to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

    (b)     Specifically, the Defendant fronted money to Lawrence and Deanna Collinsworth to obtain methamphetamine from the Collinsworths' source of supply in Louisville on multiple occasions. The Defendant purchased ¼ pound quantities per trip. The Defendant purchased ½ to 2 ounce quantities of methamphetamine from Lawrence Collinsworth on at least 8 to 9 occasions. Finally, the Defendant middle-manned methamphetamine deals for Lawrence Collinsworth with multiple end-users in and around Laurel and Knox Counties.

    (c)     Before the Defendant committed the offense charged in Count One, the Defendant had a final conviction for a serious drug felony in Laurel County, namely, a conviction for Manufacturing Methamphetamine and Persistent Felony Offender under KRS §218A.1432 and §532.080 for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

2

4. The statutory punishment for Count One is not less than 10 years and not more than life imprisonment, not more than a fine of $8,000,000, and a term of supervised release of at least 8 years. The Defendant has a prior final serious drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100 applies.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine.

    (c)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on

a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

4

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: _3 Sep 2019_          By: _____

Jenna E. Reed
Assistant United States Attorney

Date: _8-26-19_            _____

Amy Mosley
Defendant

Date: _8-26-2019_          _____

Christy J. Love
Attorney for Defendant

5