UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:18-CR-57-REW-HAI-6

UNITED STATES OF AMERICA                                PLAINTIFF

V.        **RESPONSE OF THE UNITED STATES IN OPPOSITION TO MOSLEY'S MOTION FOR COMPASSIONATE RELEASE**

AMY MOSLEY                                                   DEFENDANT

\*   \*   \*   \*   \*

The United States opposes Mosley's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). [R. 660: Motion for Compassionate Release.] Mosley argues that the COVID-19 Pandemic, paired with her medical conditions, creates an extraordinary and compelling reason justifying her release. [*See id.*] "[C]onsidering the factors set forth in section 3553(a)," and recognizing the efforts of the Attorney General to safeguard prisoners, however, her motion fails to establish a ground for relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Drake*, 2020 WL 2513825, at \*1 (E.D. Ky. May 15, 2020) (Caldwell, J.). Accordingly, Mosley's motion should be denied.

Mosley pleaded guilty to conspiring to distribute 50 grams or more of a methamphetamine mixture. [R. 297: Plea Agreement.] Specifically, Mosley "fronted money to [her coconspirators] to obtain methamphetamine from [a] source of supply in Louisville." [*Id.* at 2 (¶ 3).] Mosley also "middle-manned methamphetamine deals" with "multiple end users in and around Laurel and Knox Counties." [*Id.*] Naturally, firearms were used as a form of currency by members of Mosley's drug conspiracy. [*See, e.g.*, Presence Report at 13 (¶¶ 62, 65-66).] "As a conservative estimate, the probation

office attribute[d] approximately 609.53 grams of a methamphetamine mixture to Mosley." [*Id.* at 14 (¶ 68).] Her ultimate drug quantity was at least 500 grams but less than 1.5 kilograms of a methamphetamine mixture. [*Id.* at 15 (¶ 73).]

Not surprisingly, this was not Mosley's first rodeo. Quite the contrary—her criminal history dates to 1997, when she was convicted of assault at just 19 years of age. [*Id.* at 16 (¶ 86).] Indeed, prior to the instant offense, Mosley had racked up a huge number of convictions from assault, to theft, to "volatile substance abuse," terroristic threatening, providing false identification, flight and resisting arrest, and various trafficking-related charges. [*Id.* at16 (¶ 86)-23 (¶ 105).] Her criminal livelihood has gone on for so long that many of her convictions did not count toward her criminal history score, but she still earned herself a criminal history category of VI. [*Id.* at 23 (¶ 106).] She also had a qualifying conviction under 21 U.S.C. § 851. [*Id.* at 31 (¶ 148); [R. 297: Plea Agreement at 3 (¶ 4).] After reviewing the totality of Mosley's instant conduct, as well as her criminal history, the Court sentenced her to 140 months of imprisonment to be followed by eight years of supervised release. [R. 443: Judgment.] The amount "sufficient, but not greater than necessary," to accomplish the purposes of 18 U.S.C. § 3553.

A term of imprisonment may be modified under 18 U.S.C. § 3582(c)(1)(A) only upon the motion of the Director of the Bureau of Prisons or (as newly provided for under the First Step Act) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears Mosley did make a proper request to the warden of her facility, which was denied. [United States Exhibit 1.] There is no evidence of any attempt to file an appeal, however, although 30 days has necessarily lapsed since her initial request. [*Id.*] Thus, "assuming that Defendant has satisfied § 3582(c)'s exhaustion requirement, Defendant's motion fails on the merits." *United States v. Drake*, 2020 WL 2513825, at *1 (E.D. Ky. May 15, 2020) (Caldwell, J.) (discussing a defendant with asthma and high blood pressure).

"While the medical condition of a defendant may in certain circumstances establish the requisite 'extraordinary and compelling reasons' required for relief," Mosley simply cannot show that she is entitled to relief in this case. *See Drake*, 2020 WL 2513825, at *1 (citing U.S.S.G. § 1B1.13 cmt. n.1 (generally requiring "an end of life trajectory"). Given her extensive substance abuse history, [Presentence Report at 29 (¶ 136)], it is not surprising that Mosley has hepatitis, [R. 660: Motion for Compassionate Release at 2; *see also* Presentence Report at 28 (¶ 131) (Mosley's health conditions have not changed since the date of her sentencing, December 17, 2019)]. Admittedly, hepatitis could present an additional risk factor should Mosley contract COVID-19. *See* Coronavirus Disease 2019 (COVID-19), www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions (People with Certain Medical Conditions). This, however, does not mean that she is entitled to relief.

Quite the contrary. Mosley does not argue that her medical ailments are out of control or present some impediment to her ability to provide self-care in the institution; nor does she argue she is receiving inadequate care. [R. 660: Motion for Compassionate Release at 2.] Her medical records show that her conditions remain stable. [Sealed Medical Records.] Neither her hypertension nor hepatitis disagnoses provide any indication of an end of life trajectory as required by the guidelines. U.S.S.G. § 1B1.13 cmt. n.1.

In any event, all of the pertinent circumstances, including the § 3553(a) factors, specifically the nature and circumstances of her offense, and the need for her sentence to reflect the seriousness of her offense, to promote respect for the law, to provide just punishment, to adequately deter criminal conduct, and to protect the public from her commission of further crimes, as well as Mosley's possible danger to the community come into play and counsel against her release. *See* 18 U.S.C. § 3553(a). Irrefutably—with a past of dangerous criminal conduct and conviction on a dangerous offense just over a year ago—Mosley remains a danger to the community. She doesn't even attempt to argue otherwise. [*See generally* R. 660: Motion for Compassionate Release.]

"Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that 'extraordinary or compelling reasons warrant' [her] release from custody." *United States v. Drake*, 2020 WL 2513825, at *1 (E.D. Ky. May 15, 2020) (Caldwell, J.). Mosley's motion for compassionate release should be denied. *Id.*

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By: /s/ R. Nicholas Rabold
Assistant United States Attorney
601 Meyers Baker Road Suite 200
London, Kentucky 40741-3035
(606) 330-4833
Nick.Rabold@usdoj.gov

## **CERTIFICATE OF SERVICE**

On October 16, 2020, I electronically filed this document through the ECF system, and this document will be mailed to:

Amy Mosley, Reg #22574-032
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442

/s/ R. Nicholas Rabold
Assistant United States Attorney