UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
NOV 13 2020
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
    Plaintiff

V.                    CASE NO. 6:18-CR-57-REW-HAI-6

AMY MOSLEY,
    Defendant

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S RESPONSE IN OPPOSITION

The United States opposes the defendant's motion for compassionate release claiming she has not established grounds for relief and therefore her request should be denied. The United States then acknowledges that the defendant's condition, hepatitis, creates a significant health risk; after belittling the defendant and her serious

- 1 -

conditions, which are all documented by a substantial medical record submission, the goverment claims that unless the defendant is currentley at the end of her life, she is not entitled to relief.

The defendant's entire argument rests on the fact that she is not receiving proper medical care for her condition and, would she be exposed to the COVID-19 virus, could very well be on an end of life trajectory. The government continuously and soley cites U.S. v. Drake, 2020 WL 2513825, at *1 (E.D. Ky. May 15, 2020) (Caldwell, J.), the quotation of the very citation p.3, lines 10-11, supports the defendant's request for relief, "the medical condition of a defendant may in certain

circumstances establish the requisite 'extraordinary and compelling reasons' required for relief. This circuit throughout the districts has recognized the urgency of the pandemic and the seriousness of the threat to the health, welfare, and ultimately life of an inmate.

    The defendant is not proud of her background, she has struggled with behavioral issues as well as substance abuse, and, although she has had a multitude of convictions, this was the most serious and consequential.

    18 USC § 3553 cautions that imprisonment is neither corrective nor rehabilitative, it is to be used to instill respect for the law and impose punishment "not greater than necessary." 140 months

of imprisonment followed by eight years of supervised release is not a life sentence and although substantial by no means a death sentence. However, exposure to a deadly virus in this environment, which is predisposed to the bare minimum of medical care, substandard sanitation, impossible social distancing, and a general state of indifference, would be a death sentence to someone with the defendant's existing medical conditions.

  FCI ALICEVILLE has active cases for both inmates and staff. Nationwide, with the current flu season, there is already an uptick in virus infections and related deaths are at an all-time high.

FCI Terminal Island is just one of many frightening examples within the Bureau of Prisons. It reported "only" seven positive cases amoung inmates and two amoung staff, as of April 13, 2020. By May 4, 2020, 3 weeks later, it reported 623 positive inmate cases and five deaths. Since then more inmates have died.

On August 19, 2020, www.bop.gov/coronavirus/ reported 12 inmates and 10 staff members were infected at FCI ALICEVILLE. Since then the number has increased and the pandemic has most recently taken an even more serious turn through-out the B.O.P.. Thousands of inmates and staff have been infected and have died. As of July 30, the number

of infections were 65 per 1,000 people, this number has multiplied since and only accounts for people who have been tested.

Leonard Rubenstein, a professor at John Hopkins Bloomberg School Of Public Health, states, "[i]f you are waiting for symptoms to emerge before you do the testing, you are getting a false picture of what is going on ... It's too Late." U.S. v. Pabon, NO. 17-165-1, 2020 WL 2112265, at *5 (D. Mass. May 4, 2020) (footnotes omitted); see also U.S. v. Atkinson, NO. 2:19-CR-55 JCM (CWH), 2020 WL 1904585, *4 (D. Nev. Apr. 17, 2020) granting compassionate release to defendant, not withstanding that FCP Atwater where

he was housed had reported no cases of COVID-19, because realities of prison life make it impossible for medically vulnerable inmates to follow CDC guidelines to protect themselves from the deadly dangers of COVID-19. A similar disposition was the outcome in U.S. v. Ben-Yhwh, No. CR 15-00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020), U.S. v. Thorston (Apr. 24, 2020) (W.D. Kentucky), U.S. v. Colker (Apr. 15, 2020) (E.D. Tennessee), and more than one hundred cases within this circuit since March of this year.

"[I]ncarcerated individuals, as well as society as a whole, are safer the more defendants are released." U.S. v. Burrill, No. 17-CR-00491-KS-1, 2020 WL 1846788, at *4

(N.D. Cal, April. 10, 2020). As of July 30, 2020, the B.O.P. reported a positive infection rate of 28.5% (www.bop.gov/coronavirus/).

Judge Bennett in U.S. v. Winston, Crim. No. RDB-13-639, ECF No. 294 at 6 (D. Md. Apr. 28, 2020) noted, even the Attorney General (Barr) has "acknowledged the COVID-19 Pandemic poses unique risks to [...] vulnerable inmates."

This is not an entitlement suit or civil rights violation claim. Rather, it is a cry for compassion by an individual who, undoubtedly, has made too many mistakes but does not deserve a death sentence and has learned to respect the law and authority. Even surviving the virus, once contracted, can have a life-long catastrophic impact

and includes damage to lungs, kidneys, heart, and brain functions, just to name a few according to www.umiamihealth.org/en/what-are-the-long-term-effects-of-covid-19/ (last accessed July 30, 2020).

Being released with stringent conditions, which may require community service, along with monitored supervision and reporting would better serve the goals of the 3553(a) purpose. The defendant has a re-entry plan, which includes employment with medical benefits and a safe, supportive home environment with her parents, who are desperate for assistance to manage exceedingly challenging age related issues. The B.O.P has no

programming available, at this time, to assist in substance abuse, coping, or life management skill acquisitions. Overall the system is strained and nearly disfunctional due to the affects of this epidemic, which shows no signs of extinction.

  For all these reasons the defendant requests consideration from the court to grant her relief, as denying it would expose her needlessly to suffering with unpredictable consequences.

  Lastly, the defendant wants to apologize to the court for the format of her submission. The use

of a typewriter is not available to her at this time and proper paper and pens have not been stocked for months.

Respectfully Submitted,

This 9th day of November, 2020

*Amy L. Mosley*
Amy Mosley, pro se
FRN 22574-032
FCI ALICEVILLE
P.O. Box 4000
Aliceville, AL 35442

CERTIFICATE OF SERVICE

ON NOVEMBER 9, 2020 I mailed the afore going to:

Clerk, United States District Court
Eastern District of Kentucky
310 S Main Street
London, Kentucky 40741-1907

and

AUSA Rabold
601 Meyers Baker Road, Suite 200
London, Ky 40741-3035

*Amy L. Mosley*
Amy Mosley

-11-