UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 6:18-CR-57-REW |
| v. | ) | ORDER |
| AMY MOSLEY, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In December of 2019, the Court sentenced Defendant Amy Mosley to one hundred and forty (140) months' imprisonment for conspiracy to distribute methamphetamine. DE 443 (Judgment). On September 30, 2020, Mosley, now an inmate at FCI Aliceville, filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582. DE 660 (Motion). Because Mosley sought relief from FCI Aliceville's warden more than thirty days before making her motion, the Court found that she had properly satisfied § 3582's statutory gateway and ordered the Government to respond to the merits of the request. DE 665. The Government responded in opposition to the motion on October 16, 2020. DE 674.The Court gave Defendant until November 17, 2020 to reply to the Government's response. DE 678. Defendant submitted her reply on November 13, 2020. DE 679. The matter, now fully briefed, is ripe for review.

I.     **LEGAL BACKGROUND**

Generally, a "court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). However, Congress has established certain narrow exceptions. One such exception provides:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

1

unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (relevant portions included).[1] By separate statute, Congress explicitly directed the United States Sentencing Commission to define "extraordinary and compelling reasons for sentence reduction[.]" 28 U.S.C. § 994(t); *see id.* at (a)(2) (directing promulgation of "policy statements regarding . . . the appropriate use of . . . (C) the sentence modification provisions set forth in . . . [§] 3582(c) of title 18").

To that end, the Commission issued a policy statement, USSG § 1B1.13, authorizing, in relevant part, a reduction if "[e]xtraordinary and compelling reasons warrant the reduction; . . . [t]he defendant is not a danger to the safety of any other person or to the community . . . ; and [t]he reduction is consistent with this policy statement." Per the Application Notes to § 1B1.13, extraordinary and compelling reasons exist if:[2]

(A) . . . (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[; or]

---

[1] This is a provision Congress recently broadened (through a direct federal court portal) as part of the First Step Act of 2018, a criminal justice measure passed on December 21, 2018. *See* PL 115-391, 132 Stat 5194.

[2] Though at least one court has determined that USSG § 1B1.13 is not, in its current form, a "policy statement applicable to motions for compassionate release filed by defendants under the First Step Act." *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). However, Congress passed the FSA with § 1B1.13 (and § 994) as a backdrop. *See United States v. Karr*, No. 6:17-CR-25-REW, 2020 WL 774363, at *3 n.12. The Court logically references the extant version of the Policy Statement on compassionate release as an "applicable" policy statement. 18 U.S.C. § 3582(c)(1)(A).

(ii) The defendant is . . . suffering from a serious physical or medical condition, . . . functional or cognitive impairment, or [ ] experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[3]

(D) As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [previously] described[.]

The Court's discretion in granting early release is limited to what is allowed by § 3582 and the Sentencing Guidelines. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). In any § 3582 action the defendant, as the movant, bears the burden of establishing eligibility for a reduction in his sentence. *Id*.

## II. MOSLEY DOES NOT SATISFY THE REQUIREMENTS FOR RELEASE

Mosley's request cites concerns about her susceptibility to COVID-19 as the primary basis for relief under § 3582. DE 660 at 2. ("Mosley is requesting compassionate release because her medical conditions makes[sic] her more vulnerable in light of the COVD-19 pandemic. Mosley suffers from Hepatitis C and hypertension.").[4] On review, the Court finds that Mosley's current

---

[3] The Court declines substantive discussion of plainly inapplicable options premised on a defendant's age, *see id.* at App. Note 1(B) (requiring a defendant "at least 65 years old"), or family circumstances—*see id.* at App. Note 1(C) (triggered by "death or incapacitation of" a defendant's spouse, registered partner, or the caregiver of a defendant's minor child).

[4] To the Court, it is worth isolating the particular "reason" that Mosley claims is an extraordinary and compelling release basis. Whether released or incarcerated, she may face sharpened risks if she contracts COVID-19. Such static factors cannot, themselves, plausibly justify a sentence reduction. The BOP's COVID site indicates that FCI Aliceville currently has 6 active infections among the inmate population of 1,300. Every single COVID-19 diagnosis inside a prison is a serious matter that must be addressed swiftly and effectively. But that ratio (substantially lower than the positivity rate Kentucky) does not, at present, suggest a basis for release under § 3582. The entire country has struggled to contain COVID-19. *See* https://covid.cdc.gov/covid-data-tracker/#cases (reporting 11,136,253 U.S. cases as of 11/17/2020). Regardless of whether Mosley remains in prison, or is released, she will continue to be at risk of contracting COVID-19, as all are.

3

health issues do not constitute a valid basis for early release under § 3582(c)(1)(A). The Sentencing Guidelines establish the boundaries for compassionate release. U.S.S.G. § 1B1.13 cmt. 1(A)(i)("Examples [of qualifying illnesses] include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."). Here, Defendant does not produce evidence of a terminal illness with an end of life trajectory. Nor does she appear to be suffering from an illness that "substantially diminishes [her] ability to provide self-care." *Id*. at (1)(A)(ii). Instead, as the Government notes in its response in opposition to the motion, Defendant's "medical records show that her conditions remain stable." DE 674.

In her reply to the Government's response, Mosley argues that even if she does not at present qualify for relief under § 3582, she is "not receiving proper medical care for her condition"[5] and therefore "could very well be on an end of life trajectory" were she to contract the virus. DE 679 at 2. By her own account, Defendant's "entire argument [for release] rests on" this risk. *Id*. Mosley cites *United States v. Drake* to support her claim. No. CR 5:15-68-KKC, 2020 WL 2513825, at *1 (E.D. Ky. May 15, 2020) (Caldwell, J.). *See* DE 678 at 2 ("[T]he quotation [cited by the Government] of the very citation . . . supports the defendant's request for relief. . . .").[6] In

---

[5] Defendant writes that "she is not receiving proper medical care." DE 679 at 2. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Defendant is entitled to proper medical care while incarcerated. However, a motion for compassionate release under 18 U.S.C. § 3582 is not the vehicle to enforce that right. Therefore, this Order does not address Defendant's allegation. However, Defendant is free to pursue a separate claim, through the proper channels, if she so chooses.

[6] Defendant contends that the following language in *Drake* supports her claim: "the medical condition of a defendant may in certain circumstances establish the requisite 'extraordinary and compelling reasons.'" DE 679 at 2-3 (quoting *Drake*, 2020 WL 2513825, at *1) (emphasis added by Defendant). This language, other than stating a truism, does not support her argument. Nor is there an apparent basis for her emphasis on the word requisite. Defendant also leaves out the following conclusion that comes immediately after the language she quoted: "Defendant has not shown that he 'is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end

*Drake*, the defendant argued that early release under 18 U.S.C. § 3582(c) was proper because his preexisting conditions made him particularly vulnerable to COVID-19. *Id*. The court disagreed and denied Defendant's motion because it "failed to establish that 'extraordinary or compelling reasons' warrant[ed] his release from custody." *Id*.

Mosley now makes the same prophylactic argument, and the Court reaches the same conclusion. The ongoing pandemic raises legitimate health concerns for all Americans, particularly those with preexisting conditions. However, on this question, the Court is bound to comply with § 3582 and the Sentencing Guidelines. *Hamilton*, 715 F.3d at 337. Concern about the potential effect of an uncontracted illness does not meet the apt Sentencing Guideline's definition of "extraordinary and compelling." U.S.S.G. § 1B1.13. Therefore, the Court does not consider Mosley to meet the § 3582 triggering requisites.

Even if the Court were to find Mosley's health condition "extraordinary and compelling," relief would still require a determination that early release is appropriate in light of the pertinent sentencing "factors set forth in § 18 U.S.C. §3553(a)" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. §1B1.13. Defendant does not meet either of these requirements.

§ 3553(a)(2)(A) requires that "the sentence imposed reflect the seriousness of the offense, [] promote respect for the law and [] provide just punishment for the offense." Mosley, to her credit, acknowledges her past mistakes and writes that "she has learned to respect law and authority." DE 679 at 8. The Court cannot know what is in Mosley's heart, but it accepts her words as sincere. However, that is only one piece of the required § 3553(a) analysis. The Court must also

---

of life trajectory)' or 'is suffering from a serious physical or medical condition. . . .'" *Drake*, 2020 WL 2513825, at *1.

ensure that the sentence imposed "reflect[s] the seriousness of the offense" and "provide[s] just punishment." § 3553(a)(2)(A). The crime that led to Mosley's current sentence is a serious one: conspiracy to traffic methamphetamine. DE 443 (Judgment). She willingly and actively put a substantial amount of a poisonous, addictive, and destructive drug into the community. DE 446 (PIR). Reflecting this, she was sentenced to 140 months' incarceration in December of 2019. DE 443. That weighty sentence was intentionally structured to ensure just punishment for this offense. Granting Mosley's request for release would reduce that sentence by roughly 90%. Such a drastic reduction for so serious an offense could lead other would-be lawbreakers to perceive a lower risk to their own potential illegal acts. This would undermine respect for the law and deterrence among the community at large.

Release also would underserve protection components. The Court earlier said, as to Mosley:

> Mosley's record reflects a lifelong struggle with following the law. Her significant recidivist history includes several meth-related offenses and few periods without a conviction of some sort. Mosley has negligible work history and has, on the whole, demonstrated complete inability to remain within the confines of the law during her adult life.

Judgment, SOR, § VIII. She engaged in the meth conspiracy while on parole for a recent felony meth-trafficking state conviction. Mosley required at sentencing and requires now a term adequately protective of society and punitive for her crime.

Mosley's request is similarly inconsistent with the standards of § 3142(g), which requires a safety calculus. To her credit, several factors weigh in support of release. Mosley's declaration of respect for the law and her self-aware acknowledgement of her past mistakes are encouraging. DE 679. So too is her "re-entry plan, which includes employment with medical benefits" and "a

safe, supportive home environment" to return to.[7] *Id*. As her thoughtful and compelling reply brief makes clear, Mosley has talent and intelligence. She has the potential to successfully re-enter society. However, the Court must confront known facts: Mosley's criminal history (category VI) and high rate of recidivism strongly counsel against release. Because of her record, and the conduct in this case, Mosley simply is too dangerous for accelerated release. Therefore, the Court finds the requested relief inconsistent with the requirements of § 3142(g).

III.     **CONCLUSION**

In the colloquial sense, the COVID-19 pandemic surely presents extraordinary and compelling concerns for incarcerated individuals. However, neither this Court's unguided interpretation of "extraordinary" or "compelling" reasons, nor the protean nature of common parlance decides the case-critical question. "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). And, Congress chose to vest the Sentencing Commission with the authority to define "extraordinary and compelling reasons for sentence reduction[.]" 28 U.S.C. § 994(t). The legislature reinforced this lexicographic authorization by expressly conditioning district court authority under

---

[7] Defendant notes that her parents "are desperate for assistance to manage exceedingly challenging age-related issues." DE 679 at 9. While Defendant does not appear to cite this fact as a basis for early release, the Court notes for the sake of clarity that early release under § 3582 for the purposes of caring for another is proper only when the defendant is released to care for her minor child, minor children, partner, or spouse. U.S.S.G. § 1B1.13 cmt. n.1(C). Here, Mosley's concern about her parents' welfare, while understandable, is outside the scope of that provision.

7

§3582(c)(1)(A) on a finding that any reduction be consistent with the Commission's policy statements.[8]

Here, Mosley's motion hinges on the potentially dire consequences of an illness that she has not contracted. The rate of cases in her prison stands in sharp contrast to the more than 150,000 cases reported daily across the United States. A reduction based on risks associated with an eventuality that remains entirely speculative would not square with § 1B1.13, and certainly not here given the particulars of Mosley's concerning criminal record.

Finding the statutory requirements unsatisfied, the Court declines the sought relief.

This the 18th day of November, 2020.

Signed By:
Robert E. Wier
United States District Judge

---

[8] Of course, if it so chooses, Congress may withdraw, circumscribe, or circumvent the authority it has vested in the Commission. Indeed, pending proposed legislation would explicitly deem the fact that a defendant is, "according to guidance from the Centers for Disease Control and Prevention, considered to be at a higher risk for severe illness from COVID-19, including because the defendant is 60 years of age or older or has an underlying medical condition," an "extraordinary and compelling reason under" § 3582(c)(1)(A)(i). 2019 Cong US S 4034 (June 22, 2020); *see also* 166 Cong. Rec. S4592-02, S4593 (July 29, 2020) (adding, as cosponsors, Senators Whitehouse, Wicker, Coons, and Tillis). Yet, the proposed legislation, for now, remains just that. It is the law on the books that binds this Court.