UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:18-CR-57-REW |
| v. | ) ) | ORDER |
| AMY MOSLEY, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In September of 2020, Defendant Amy Mosley moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). DE 660. The Court denied the request after plenary consideration. DE 681. Mosley did not appeal that denial, which is final. She now, phrased as a motion for "reconsideration," asks the Court "to grant her time served, a reduction in sentence and/or home confinement pursuant to 18 USC 3582(c)(1)(A)(i) . . . ." *See* DE 766 at 1. The Court gave Mosley leave to file a reply, DE 775, and that deadline has now passed.[1] The motion stands ripe for review.

The Court cannot reconsider a final decision. However, the First Step Act does not bar successive § 3582 requests. To the extent this is a second motion for compassionate release pursuant to § 3582(c)(1)(A), the Court has concerns about exhaustion. Section 3582 requires a defendant to show either a "failure of the Bureau of Prisons to bring a motion on the defendant's behalf or" a "lapse of 30 days from the receipt of such a request by the warden of the defendant's

---

[1] Mosley filed instead what she labels as a new motion for compassionate release. This is procedurally improper. She had already presented reconsideration, which the Court placed on a full briefing schedule. The Court deems the motion (DE 776) as functionally Mosely's reconsideration reply. She had asked for and got an extension to reply and then filed DE 776. She never filed a designated reply. DE 776 essentially restates the same basis as the precipitating motion, DE 766; the Court treats it as the requested reply opportunity.

1

facility, whichever is earlier . . . ." *Id.* at § 3582(c)(1)(A)(i). The Sixth Circuit has held that § 3582(c)'s exhaustion requirement, though non-jurisdictional, is a "mandatory condition" and, when "properly invoked," it "must be enforced." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (internal quotation marks omitted). Only two exceptions exist: waiver or forfeiture. *See id.*; *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (internal alterations and quotation marks omitted). Here, Mosely asserts exhaustion, though she provides no renewed request to the Aliceville warden. The United States made a cursory merits response with no reference to exhaustion. The Court deems the motion properly before the Court.

Mosley's second motion, on the merits, again turns on alleged COVID-19 risks in light of her health conditions. *See* DE 766 at 5. Mosley now cites hypertension, hepatitis C, obesity, and a twenty-year history of smoking. *Id.* The Court analyzed much of this argument and the required factors in its prior disposition. *See* DE 681. There, the Court addressed Mosley's hypertension and hepatitis C, finding these conditions insufficient to justify release. *See* DE 681 at 4-5. Mosely does not document intervening aggravated changes that might displace or refigure that analysis. She provided no medical records with her second motion, and thus offers no proof that either of these conditions has worsened significantly or otherwise changed. As to obesity and a history of smoking, the Court recognizes that these conditions can increase the risk of severe illness from

COVID infection.[2] However, since the prior decision, issued in November of 2020, the vaccines received approval and have been widely available, including within the BOP.

The Court notes that Mosley, whose vaccination status is unknown to the Court, certainly has access to the vaccine at Aliceville, which dramatically reduces her risk of contracting the virus and of severe COVID complications. *See United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' to warrant a sentence reduction.") (citing *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021)). The BOP dashboard and online reporting for Aliceville shows that 1295 inmates (of 1353) have been fully vaccinated.[3] Further, the reporting shows only 1 current active case at the institution.[4] Objectively, the risk situation has improved dramatically, even conclusively, since the point of the prior decision.[5] Mosley simply does not fit through the intentionally narrow gate of § 3582. *Traylor* forecloses relief.

---

[2] *People with Certain Medical Conditions*, CTR. FOR DISEASE CONTROL AND PREVENTION (updated Feb. 25, 2022) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (documenting that obesity and history of smoking can make a person more likely to get severely ill from COVID-19).

[3] *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last visited Mar. 23, 2022).

[4] *Id.*

[5] The Circuit has shed much light on the proper analysis. The Court now has full discretion to release under § 3582 and without respect to the U.S.S.G. § 1B1.13 rubric. *See United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *Traylor*, 16 F.4th at 487; *United States v. Hunter*, 12 F.4th 555, 561-62 (6th Cir. 2021). However, the discretion is cabined by the narrowness of the adjectives in the statutory language. As such, the reasons must be ones that are extraordinary and compelling. Even on finding that test met, the Court still must consult § 3553 and determine release appropriate. The Court carefully weighed § 3553 at sentencing and again in the first § 3582 decision. As stated, Mosely is a criminal history category VI with significant meth-trafficking recidivism—she was on parole for meth trafficking when she committed the instant crime, which is a Class B federal felony. The pandemic has been a difficult experience for the entire nation. It does not, as a broad societal modifier, and particularly given medical advances, signal open doors to the BOP populace.

The Court reminds Mosley that, absent statutory authority, it "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Finding the predicate extraordinary and compelling reasons unmet, the Court denies relief. Alternatively, again, and based on the prior fulsome analysis in DE 681, the Court also views release as inconsistent with the § 3553 values and purposes marshalled at sentencing and still wholly applicable. The crime and offender required a stout term (she was a CH VI, offense level 27 with demonstrated meth trafficking recidivism). Relief here, because of alleged COVID risks, would unjustifiably erode service of § 3553's paramount sentencing values (seriousness of offense, respect for law, deterrence, punishment, and protection).

Mosley's "reply" adds little to the calculus, styled instead as another—indeed, a third—motion for compassionate release. *See* DE 776. This latest filing is, in substance, nearly identical to her renewed motion filed at DE 766, and again fails to address exhaustion. *See id*. The Court has read and considered the paper, which does not alter the result.

Finally, to the extent that Mosley, who has facility and inmate management complaints, is raising a challenge to the conditions of her confinement, conditions of confinement claims are "properly brought in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971)." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Such a suit also has venue, exhaustion, timeliness, and other procedural limits. *See generally Atkins v. Williams*, No. 5:20-CV-00126-GFVT, 2020 WL 5505122, at *2 (E.D. Ky. Sept. 11, 2020) (discussing procedural requirements of *Bivens* actions). Accordingly, the Court cannot here entertain a conditions of confinement theory as a relief or release mechanism. Accordingly, the Court **DENIES** DE 766 and **DIRECTS** the Clerk to term DE 776.

This the 14th day of April, 2022.

Signed By:
Robert E. Wier  *REW*
United States District Judge