UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 6:18-CR-57-REW-6 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AMY MOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Amy Mosley is currently serving a 140-month sentence at Federal Correctional Institution Aliceville ("FCI Aliceville") for her role in a drug trafficking conspiracy. *See* DE 443 (Judgment). In September of 2020, Mosley moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* DE 660. The Court denied the request. *See* DE 681. In January 2022 Mosley filed a second compassionate release motion,[1] *see* DE 766, which the Court also denied after extensive briefing and process. *See* DE 786. The Court incorporates the developed history of standards and analysis already included in its treatment of Mosley's § 3582 endeavors.

Currently before the Court is Mosley's motion for reconsideration. *See* DE 835. While the Court cannot reconsider a final decision, the First Step Act does not bar successive § 3582 requests. To the extent that DE 835 is a third motion for compassionate release, the Court has concerns about exhaustion. Section 3582 requires a defendant to show either a "failure of the Bureau of Prisons to bring a motion on the defendant's behalf or" a "lapse of 30 days from the

---

[1] The motion sought reconsideration of the Court's denial of DE 660, which the Court construed as a renewed motion for compassionate release. *See* DE 772 at 2. DE 766 did not address exhaustion and the Court ordered Mosley file a reply covering that issue. *See id.* Mosley instead filed what she labeled as a new motion for compassionate release. *See* DE 776. The Court deemed DE 776 as Mosley's reconsideration reply. *See* DE 786.

1

receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.* at § 3582(c)(1)(A)(i). The Sixth Circuit has held that § 3582(c)'s exhaustion requirement, though non-jurisdictional, is a "mandatory condition" and, when "properly invoked," it "must be enforced." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (internal quotation marks omitted). Only two exceptions exist: waiver or forfeiture. *See id.*; *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right."(internal alterations and quotation marks omitted)).

Here, Mosely asserts exhaustion and attaches a letter to the Warden requesting compassionate release. *See* DE 835-1 at 7. While the letter is dated February 7, 2023, it unclear whether the Warden received the request that same day.[2] Nonetheless, the United States agrees that Mosley exhausted her administrative remedies, forfeiting a potential exhaustion defense. Thus, the Court deems Mosley's motion as ripe for consideration.

Mosley seeks compassionate release on three grounds: (1) misapplication of the sentencing guidelines; (2) her heightened risk of COVID-19; and (3) post-sentencing rehabilitation. *See* DE 835 at 1-3. The United States responded in opposition. *See* DE 838. The Court will **DENY**

---

[2] Indeed, the United States indicates that the Warden received the request on February 15, 2023. *See* DE 838 at 1, n.1. Still, the United States concludes that Mosley complied with § 3582's exhaustion requirement by "wait[ing] the requisite 30 days[,]" *see id.* Though, if the Warden did receive Mosley's request on February 15th, Mosley's instant motion—which was filed on March 15, 2023—may be two days premature. The Court will look past that issue, given the Government's posture.

Mosley's motion because she has not demonstrated an extraordinary and compelling reason justifying release.

Mosley first contends that the Court incorrectly calculated her base offense level based on the amount of methamphetamine mixture attributable to her. *See* DE 835 at 1. Specifically, she claims that the Court should have calculated her offense level without regard to whether the methamphetamine at issue was pure or mixed. *See id.* at 2. This argument, however, is not cognizable in the context of a § 3582 motion. A compassionate release request "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d. Cir. 2019). "The terms of neither the statute nor its policy statement provide for release on the basis of arguments . . . that were or could have been raised on direct appeal or in a § 2255 motion[.]" *Id.* In short, the Court cannot consider an argument challenging the calculation of Mosley's sentence as a relief mechanism. That is what appeals and proper post-judgment merits challenges are for, a lane distinct from § 3582. The Court does note that the quantity employed squared with Mosley's own plea agreement and stipulated quantity.

Mosley also argues that compassionate release is warranted given her heightened risk of severe illness from COVID-19. *See* DE 835 at 2. Mosley cites hypertension, asthma, hepatitis C, obesity, and a twenty-year history of smoking. *See id.* Mosley raised, and the Court considered, similar arguments in the two prior motions for compassionate release. *See* DE 681; 786. The Court previously found that Mosley's hypertension, hepatitis C, obesity, and history of smoking were insufficient to justify release. *See* DE 681 at 4-5; 786 at 2-3. Mosley does not argue (nor do the attached medical records indicate) that any of these conditions have worsened or otherwise changed in the interim. *See* DE 835-1 at 23-25 (Medical Records).

As for Mosley's asthma, [which she lightly documents with one reference in the record], the Court recognizes that those with "moderate-to-severe" or "uncontrolled" asthma are more vulnerable to COVID-19 complications. *People with Moderate to Severe Asthma*, CTR. FOR DISEASE CONTROL & PREVENTION (last update April 7, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. Mosley does not, however, indicate that her asthma is serious or uncontrolled. Medical records suggest that she is managing her condition given that she is prescribed an inhaler. *See* DE 835-1 at 25. In any event, Mosley states that she is vaccinated and the BOP dashboard and online reporting shows that at FCI Aliceville, 1,639 (of 1,639) inmates have been vaccinated. *See* DE 835 at 2. Though Mosley questions the safety and efficacy of the vaccine, *see id.*, courts consistently find that vaccine availability renders COVID-19 risks less extraordinary and compelling. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *United States v. Martin*, 2022 WL 103831 (S.D. Ind. Jan. 10, 2022) (declining to find an extraordinary and compelling circumstance, noting that "[a]lthough no vaccine is perfect, studies have provided a growing body of evidence that mRNA COVID-19 vaccines" reduce the risk of COVID-19). Further, Mosley's risk of contracting COVID-19 is low. BOP reporting indicates only 1 active case at FCI Aliceville. Accordingly, the risk of COVID-19 does not present an extraordinary and compelling reason warranting compassionate release. The Sixth Circuit's decision in *Traylor* effectively precludes relief based on a showing of this type. *See United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (affirming district court's finding that susceptibility to COVID-19 is not an extraordinary and

compelling circumstance because "[t]he COVID-19 vaccine is available to inmates at Traylor's facility, and Traylor has received both doses of the Pfizer vaccine"). The Court does not find an extraordinary or compelling reason for sentence reduction.

Lastly, Mosley also argues in favor of compassionate release based on post-sentencing rehabilitation. *See* DE 835 at 2. Mosley indicates that, at FCI Aliceville, she tutors and mentors others, "maintains a clear conduct[,]" and has earned various certificates. *See id.*; *see also* DE 835-1 at 8-21 (Certificates). Congress has made clear that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(f) (emphasis added); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th. Cir. 2020). The Court may, however, consider rehabilitation along with other factors. *See* § 1B1.13 cmt. n.3. While the Court is encouraged that Mosley is using her time productively, she does not present these characteristics in conjunction with an extraordinary and compelling reason. Thus, Mosley's rehabilitative efforts, on their own, do not justify a sentence reduction.

Absent statutory authority, the Court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Because Mosley has not presented an extraordinary and compelling reason, the Court **DENIES** DE 835, the third motion for compassionate release.[3]

---

[3] Further, Mosley is a criminal history category VI and a meth-trafficking felony recidivist (including an aggravating § 851 predicate). Indeed, she was on parole during the commission of the instant offense. Mosley has served roughly 4 years of the 140-month sentence (a little over 1/3), which the Court tailored to the § 3553(a) values and purposes. A sentence reduction would be inconsistent with that analysis, which remains wholly applicable, as the Court has reaffirmed in its prior § 3582 rulings.

This the 1st day of May, 2023.

Signed By:
Robert E. Wier
United States District Judge